## CROSSER v. CROSSER.

### Opinion delivered November 15, 1915.

1. DIVORCE—ASSIGNMENT OF STATUTORY ALLOWANCE TO WIFE—REPORT OF COMMISSIONERS.—Where the chancery court appointed a commission to set aside the statutory allowance to a wife, out of the property of her husband, when she had been granted a divorce against him, and thereafter the court approved the report and adopted the division made by the commissioners, *held*, the division became the act of the court, and was not invalidated because of the failure of the commissioners to act under oath.

2. APPEAL AND ERROR—DIVORCE—ALLOTMENT OF ALLOWANCE DUE WIFE—FAILURE TO OBJECT.—An exception to the assignment of the statutory allowance to a wife who has procured a divorce from her husband, which was not brought to the attention of the chancellor, will not be considered for the first time on appeal.

3. DIVORCE—ALLOTMENT OF STATUTORY ALLOWANCE TO WIFE—MORTGAGED LANDS.—Where a wife has procured a decree of divorce, and under Kirby's Digest, § 2684, the husband's mortgaged lands have been divided in kind, the husband and the wife each take their interest subject to the mortgage; if the mortgage indebtedness equals the value of the lands, then neither takes anything of value by the division, but the interest of each is subject to the mortgage and the value of that interest depends upon the proportion which the indebtedness secured bears to the value of the land. *Semble.* The mortgagee may look to the land as a whole for the satisfaction of his debt, and if payment is not made to him by the parties in the proper proportion, the right of contribution exists in favor of the one who pays more than his or her share.

Appeal from Independence Chancery Court; *G. T. Humphreys,* Chancellor; affirmed.

*Ira J. Matheny* and *Samuel A. Moore,* for appellant.

1. The commissioners were not sworn before or after they entered upon their duties as such, and they did

not swear to their report as required by law. Kirby's Digest, § 5781.

2. Commissioners must conform strictly to the orders and judgment of the court. Kirby's Digest, § § 5778, 5779, 5780 and 2726; 24 Am. & Eng. Enc. of L. (2 ed.), 229, 230. In this case, they exceeded their authority when they divided property which was not included in the order and judgment of the court. Their report, and the decree of court confirming the same, are therefore void. 55 Ark. 562; 76 Ark. 151; 81 Ark. 462; 92 Ark. 359-365.

3. The commissioners violated the law and the judgment of the court in not dividing the property in kind. There was no evidence, nor any order of court finding, that appellant was possessed of any money, yet they asked in their report, and the court thereupon ordered, that appellant pay appellee a certain sum of money. They were specifically instructed in the court's order that in case they were unable to divide the property in kind, they should advertise and sell it. The report shows also that they did not divide the real estate and personal property in kind. Since appellee gets the real estate for life and the personal property absolutely, the division is clearly unjust and inequitable. 5 Ark. 608-612; 92 Ark. 292-296.

4. The commissioners failed to take into consideration the $9,000 indebtedness owing by appellant which was secured by deeds of trust on all of his real estate. They were signed and acknowledged by appellee, she relinquishing all of her rights of dower and homestead. Appellee is entitled to dower only in his equity in said real estate. 68 Ark. 449; 64 Ark. 518-522.

*J. B. McCaleb,* for appellee.

1. There is no statutory requirement that commissioners appointed to set off and allot dower shall be sworn. They are a part or branch of the court, selected for a specific purpose. Their findings are scrutinized by the court, and when approved become a part of the decree of the court.

Section 5781, Kirby's Digest, does not apply to alimony or division of property under a decree for divorce.

2. Appellant's remaining contentions are based principally upon matters arising upon his exceptions to the report of the commissioners. He was given an opportunity to introduce evidence in support of his exceptions but elected not to do so. The court, after an investigation of the matters in detail, approved the report and entered a decree in accordance therewith. It resolves itself, therefore, into a question of fact to be determined from the evidence. It needs no citation of authorities that the findings of the chancellor will not be disturbed unless contrary to a clear preponderance of the evidence.

SMITH, J. The parties to this litigation were husband and wife, the wife being the plaintiff in the suit below in which she asked both a divorce and the setting aside to her of the share of the husband's property allotted the wife under section 2684 of Kirby's Digest, upon the dissolution of a marriage, by a divorce to the wife. The divorce was granted and appellant makes no complaint of this action of the court, but by this appeal he questions the division made of his property.

Upon granting the decree for the divorce the court appointed one S. B. Wycough as a master with directions "to make an accounting of all the defendant's real and personal property, and to submit such statement to this court at its next regular term." A report was filed by the master at the following term of the court, which purported to set out the property owned by appellant. Thereupon the court appointed three commissioners and directed that they "be and they are hereby appointed as commissioners for the purpose of assigning dower in the above described lands and premises, and the above-described personal property to the plaintiff, and they are hereby authorized to apportion and set aside to the plaintiff one-third in value of said lands and personal property, if the same can be fairly and equitably done, and in the event it be determined by said commissioners that said property, either real or personal, can not be equitably divided and apportioned in kind, then said commissioners are authorized to advertise and sell all of said property at public outcry to the highest bidder, on a

credit of three months. * * * The said commissioners are hereby ordered to make a full report of their actions hereunder at the next term of the court." These commissioners made this report, but in their report there appeared the description of a number of tracts of land, together with a list of personal property, which had not been contained in the original report of the master. This report of the commissioners is a very elaborate one, and in it each tract of land is separately valued and each article of the personal property is appraised, and in this report the commissioners undertook to divide the lands in kind and to divide the personal property also. These commissioners appear to have inquired into the title by which appellant held his lands, and to have ascertained that he had title in fee simple to some of them while as to other portions he had only a tax title, and in the division of the lands this fact was taken into account, and there was a division in kind of these lands. It appeared from the report of these commissioners that there were outstanding mortgages executed on all these lands, securing an indebtedness of about $9,000, but it was shown by the report that all of said mortgages had been duly signed and acknowledged by appellee in which she had relinquished her right of dower and homestead in and to said lands. The further proceedings in the cause consisted in a hearing of appellant's exceptions filed to this report.

(1) Among other exceptions filed to this report was that it was not sworn to by the commissioners. Appellant alleges that these commissioners should have taken the oath prescribed by section 5781 of Kirby's Digest. But that section relates to commissioners who have been appointed in partition suits for the division of lands, and does not apply to proceedings for the assignment of dower, or the assignment of the statutory allowance to the wife upon dissolution of the marriage. Moreover, this report was considered by the court and approved by it. The effect and purpose of this report was to advise the court as to the nature, character and value of appel-

lant's property, both real and personal, and when the court approved the report and adopted the division made by the commissioners, that division thereby became the act of the court.

(2)  Chief among the exceptions which were filed to this report, was that the commissioners did not take into consideration the encumbrances against the lands, and that the result of their division of the lands is to charge that entire indebtedness against appellant, and that the inventory contained more personal property than was owned by appellant. It was not shown, however, that any error was committed in either respect. It is now agreed that in the division of the real estate, lands were assigned to appellee which exceeded in value by $138.33 the lands assigned appellant. It appears that this mistake was made, but it was manifestly a clerical mistake, and the error was not pointed out in the exceptions filed and the court below was, therefore, given no opportunity to make this correction. And we will not now consider this objection for the first time on appeal. *Western Union Tel. Co.* v. *Freeman,* 121 Ark. 124, and cases there cited.

Other exceptions to the effect that the personal property was not properly divided do not appear to be well taken. Upon this question we simply announce our conclusion, as it would require a lengthy and unprofitable discussion of a mere matter of accounting, and we think the chancellor's finding was not contrary to the preponderance of the evidence.

As has been said, the real question in the case is whether or not the lands were properly divided, and the decision of that question turns upon the construction to be given section 2684 of Kirby's Digest as applied to the facts of this case. Such portions of that section as are relevant here read as follows:

"In every final judgment for divorce from the bonds of matrimony, * * * where the divorce is granted to the wife, the court shall make an order that each party be restored to all property not disposed of at the commencement of the action which either party obtained from or

through the other during the marriage, and in consideration or by reason thereof; and the wife so granted a divorce against the husband shall be entitled to one-third of the husband's personal property absolutely, and one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property both real and personal to which such wife is entitled. * * *"

In construing this section in the case of *Beene* v. *Beene,* 64 Ark. 522, the court said:

"The Legislature seems to have enacted that statute for the purpose of putting an end to all after controversies as to dower rights, and to settle the matter when a divorce is granted dissolving the marital bonds. Hence, the allowance to the divorced wife, who is entitled to all, is exactly or substantially the same as would be her dower interest in case of the death of her husband; that is to say, one-third for life of all the real estate of which he has been seized of an estate of inheritance at any time during the marriage, except such as she has relinquished in due form. The court therefore erred in decreeing her only one-third of the remainder of his estate after deducting the amount of his debts, and should have allotted her one-third the value of his personalty absolutely, without taking his indebtedness into consideration, and should have given her one-third of his realty for her natural life, and ordered otherwise as the statute provides." See also, *Hix* v. *Sun Ins. Co.,* 94 Ark. 485.

(3) The interest of appellee in the property of her husband under section 2684 of Kirby's Digest, upon the dissolution of the marriage by divorce, being analogous to the interest she would have taken in the estate of her husband had he died, we may look to the decisions of the court in those cases where dower was assigned to the widow out of lands subject to a mortgage executed by the husband, to see what that interest is in such lands. This question of the wife's right of dower in mortgaged lands

was fully reviewed in the case of *Hewitt* v. *Cox,* 55 Ark. 225, where a great many cases on the subject are cited. That opinion states that the courts of England hold that at common law the widow was not entitled to dower in the land of her husband, which she had joined him in mortgaging in fee, unless the legal estate in the land had again become vested in the husband before his death. The reason assigned being that the English courts regarded the estate of dower as a strictly legal right, attaching only upon a legal seisin, and the right of redemption as a mere equitable title. But it was there said that the American courts had generally refused to follow the English courts in this respect, but that the American courts differed as to the widow's right to require the executor or administrator to redeem the land set apart to her as dower from encumbrances thereon, which were created by mortgages executed by her and her husband to secure his debts, she having relinquished her right to dower in the land in legal form. After citing a number of cases which held that the personal estate of the husband is primarily liable for his debts, and that the widow can require his personal representative to apply that estate to relieving the dower land from the encumbrances, a larger number of cases were cited which hold that, eliminating the interest of the mortgagee in the land and treating the residue as the entire interest of the husband, the widow is only entitled to dower in that interest, that is to say, in the equity of redemption. These last cases treat the dower interest, to the extent of the debt secured, as extinguished by her joining her husband in the execution of the mortgage and releasing or relinquishing her right of dower, and that she takes the land subject to the mortgage, and is not entitled to have any part of the residue of her husband's estate appropriated to the satisfaction of the mortgages in exoneration of her dower.

The mortgaged lands having been divided in kind, the husband and the wife each take their interest subject to the mortgage. If the mortgage indebtedness equals the value of the land, then neither takes anything of value by

the division, but the interest of each is subject to the mortgage and the value of that interest depends on the proportion which the indebtedness secured bears to the value of the land. Of course, the mortgagee can look to the land as a whole for the satisfaction of his debt. This indebtedness has not been paid, but when it is paid, if the payment shall not be made in the proper proportion, then the right of contribution will exist in favor of the one who pays more than his or her share. No such question has yet arisen in this case, and we need not discuss it further, except to say that the rule for ascertaining the share to be paid by the wife is stated in the case of *Salinger* v. *Black,* 68 Ark. 449, where the personal property of an estate had been used to discharge an encumbrance upon the lands, out of which the widow's dower had been carved, and in which case it was held that the general creditors of the estate had a right of contribution against the interest so assigned the widow.

It is true the decree of the court did not specifically state that appellee took her interest subject to the outstanding mortgages against it, but as she could not take it otherwise, the decree must be so construed, and it will be affirmed.