## THORSEN *v.* POE.

## Opinion delivered March 20, 1916.

1. CONTRIBUTION—RIGHT OF—PAYMENT OF OBLIGATION.—Where several parties are equally liable for the same debt, or bound to the discharge of an obligation, and one is compelled to pay or satisfy the whole of it, he may have contribution against the others, to obtain payment from their respective shares.

2. JUDGMENTS—ASSIGNMENT—LIMITATIONS UPON.—The assignee of a judgment takes subject to all the equities and defenses existing between the parties thereto.

3. CONTRIBUTION—ASSIGNMENT OF JUDGMENT.—P. and C. were jointly liable for certain debts of an insurance company, and P. having paid certain of these debts was entitled to contribution from C. C. meanwhile paid a judgment against himself and P. and assigned the same to G., the judgment being in the same matter. *Held,* the judgment in the hands of the assignee was subject to a set off of the amount due by C. to P. by way of contribution.

Appeal from Pulaski Chancery Court; *Jno E. Martineau,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

This appeal comes from a judgment of the chancery court, enjoining appellants, assignees of a certain judgment of the American Insurance Company against McGehee Liquor Company, and their attorneys from the collection thereof from A. B. Poe, one of the parties against whom the judgment was rendered.

A. B. Poe, W. B. Calhoun, et al. became sureties upon the bond of said insurance company, required by the statute, authorizing it to do business in the State. The McGehee Liquor Company sustained a loss under a policy issued it by said company, which was adjusted and a draft on the home office in another State endorsed by A. B. Poe and Jno. B. Driver was given for payment of the loss. The insurance company became insolvent and went into the hands of a receiver before the draft was paid. The said liquor company brought suit against the insurance company, the sureties on its bond and the endorsers on the draft for the amount of its loss and recovered judgment against all of them, from which an appeal was taken and a supersedeas bond executed with

A. B. Poe and A. J. Graham as sureties. Upon the hearing in the Supreme Court the judgment against the sureties on the bond of the insurance company was reversed and the cause dismissed as to them and the judgment against the insurance company and Poe and Driver as endorsers on the draft given in payment by the adjuster was affirmed and judgment entered, also against A. B. Poe and Graham as sureties on the supersedeas bond. *American Ins. Co.* v. *McGehee Liquor Co.*, 93 Ark. 62.

The matter next appeared in this court upon a motion or petition of said Poe and Graham, asking this court to quash an execution issued by it's clerk on the ground that the judgment had been satisfied.

It was alleged that after the affirmance of the judgment an execution was issued thereon and same was satisfied and the judgment paid either by the insurance company or one of the sureties on the bond, later alleged to be W. B. Calhoun. That the judgment was assigned to him by the plaintiff and in turn to the German Investment Company.

It was further alleged that one of the attorney's for the judgment creditor caused the execution notwithstanding it had been paid, to be returned unsatisfied and then procured an assignment of the judgment from the Liquor Company for the purpose of defrauding the petitioner and preventing him from enforcing his right of contribution against the sureties for amounts that he had paid out for the insurance company on other judgments.

The response denied that the judgment had been satisfied and the other allegations of the petition except as to the assignment of the judgment and contained the statement that after the case had been appealed to the Supreme Court and before the reversal of the judgment as to the sureties on the bond, an execution had been issued from the Pulaski circuit court to the sheriff of Mississippi County against W. B. Calhoun, one of the sureties on the insurance company's bond and against whom judgment had been rendered and that he to pre-

vent the sale of his property satisfied said execution and the judgment was assigned to him as appears from the record of same upon the margin thereof.

This court held that it would not be proper to strike out the assignment of the judgment unless it was shown that the judgment had been satisfied and that although there was an allegation in the petition that such was the fact, the allegation was denied and the records showed an assignment of the judgment by the plaintiff.

The court recognized having power over its own process and the propriety of quashing an execution erroneously issued thereon, upon proof of payment of the judgment and declined to go further because it would be an exercise of original jurisdiction to attempt to adjust the equities between the sureties on the bond of the defendant insurance company if any existed, saying: "The admission that Calhoun satisfied the execution issued from the Pulaski circuit court and caused the judgment to be assigned to him and later to the German Investment Company, raises a question of fact which relates only to the alleged equities between petitioners and Calhoun and those who claim under him, since the judgment of this court was not rendered against Calhoun. The effect of the admission is merely that Calhoun purchased an assignment of the judgment and the question whether he had a right to do so is one for investigation in a court of original jurisdiction," and denied the motion without prejudice to the rights of the petitioners to proceed in a court of competent jurisdiction for the relief to which they were entitled, *American Ins. Co.* v. *McGehee Liquor Co.*, 113 Ark. 488.

It was shown on that motion that the petitioners had already instituted this action in the Pulaski chancery court, which was since determined in their favor, the court rendering a judgment against W. B. Calhoun, one of the sureties on the original bond of the insurance company in favor of A. B. Poe for $1,500 as contribution for amounts expended by said Poe as co-surety on said bond more than his share and enjoining the collection of said

original judgment ·by the assignees thereof and their attorneys, and this appeal comes from said judgment.

*J. P. Kerby* and *R. L. Floyd,* for appellants.

1.   W. B. Calhoun is not in the chain of the title; he is a stranger to the judgment.   An assignee of a judgment takes subject to all equities ·between the parties.   2 Freeman Judgm. 427; 113 Ark. 488.   There is no equity growing out of this judgment in favor of plaintiff against Calhoun.   Their claims grow out of other and independent transactions.   17 Iowa, 503; 85 Am. Dec. 575; 23 Cyc. 1422, 3, 4; 78 Am. St. 52, 53.   An innocent assignee of a judgment without notice is entitled to protection. 24 S. ·C. 387.   An assignee has right to purchase as cheaply as he can.   87 N. Y. 10; 23 Cyc. 1421.

2.   An assignment carries all rights, remedies, liens or securities of the assignor.   102 Ga. 696; 13 Ind. 75; 49 N. Y. 183; 36 Minn. 198; 110 Ill. 453; 52 Mo. 43; 3 Del. Ch. 183; 100 Iowa 266; 62 Am. St. 571; 23 Cyc. 1472-3 74 Tex. 31.

3.   The judgment was never satisfied.   94 Ill. App. 112; 65 S. E. 64.

4.   Petitioner cannot question assignee's title.   74 Tex. 31; 25 S. C. 597; 35 La. Ann. 384.   Plaintiff was guilty of laches and was barred.   9 Cyc. 802; 32 *Id.* 286; 34 *Id.* 636, 641.

*Mehaffy, Reid & Mehaffy* and *Lawrence B. Burrow,* for appellee.

1.   Payment of a judgment by one of two joint defendants operates as an extinguishment as to all and thereafter the judgment is a nullity.   69 N. Y. Supp. 612; 36 S. E. 174; 45 N. E. 69; 11 *Id.* 38; 40 Pac. 1071; 44 N. W. 25; 72 S. W. 413; 102 N. W. 354.

2.   ·Calhoun was not a surety for Poe, but if he was, the rule would not ·be changed.   16 Ark. 216; 26 Miss. ·63. A judgment once paid off and satisfied can not be assigned.   25 Miss. 63; 6 Rob. (N. Y.) 552; 5 Rawle, (Pa.) 131; 23 Cyc. 1414.

3. An assignee can take no other nor superior rights than those vested in his assignor. 75 N. W. 185; 65 N. Y. Supp. 795; 84 N. W. 581.

4. Payment of a judgment by a stranger does not entitle him to subrogation or substitution. 68 Me. 155; 52 Pa. 522; 110 N. Y. 43 etc. But it extinguishes the judgment. Calhoun was not a stranger; he was a joint defendant. 124 U. S. 534; 57 Am. Rep. 192. Where it is equity that one who pays a debt should be substituted for the creditor, he will be so substituted. 35 Kans. 495; 11 Am. St. 18; 102 Mass. 313; 131 N. Y. 262, etc.

KIRBY, J. (after stating the facts.) Appellants contend that no equities arose from the judgment of the liquor company as between A. B. Poe and W. B. Calhoun, which can be enforced against the assignees of Calhoun, who were not parties thereto, this court having reversed the judgment of the lower court after the assignment thereof to Calhoun, and dismissed the action as to him. It is not denied however that Poe and Calhoun were sureties on the bond required by law of the insurance company, and as such liable of course to the payment of its obligations. The chancellor found in this action for contribution that surety Poe paid obligations of said principal insurance company, in discharge of the liability as surety on said bond in sufficient amounts to entitle him to recover as contribution from his co-surety Calhoun the sum of $1,500, from which judgment no appeal was taken by said Calhoun.

(1) It is a familiar principle that where several parties are equally liable for the same debt, or bound to the discharge of an obligation, and one is compelled to pay or satisfy the whole of it, he may have contribution against the others to obtain payment for their respective shares. 6 R. C. L. 1036-7; 1 Brandt Suretyship, Sec. 279. Our statute also recognizes this right. Kirby's Digest, § 7926; *Wilks* v. *Vaughan*, 73 Ark. 174; *Salinger* v. *Black*, 68 Ark. 449.

(2) The assignee takes the judgment subject to all the equities and defenses existing between the parties

thereto. 2 Freeman, Judgments, § 427; 23 Cyc. 1424; *Am. Ins. Co.* v. *McGehee Liquor Co.*, 113 Ark. 488.

(3) The first assignee of the judgment, W. B. Calhoun, was a co-surety on the insurance company's bond with A. B. Poe, appellee, and equally liable with him to the discharge of all obligations of the insurance company, for which the sureties were bound under the terms of said bond. He was liable to contribution to his said co-surety Poe on the whole amount paid out by Poe as surety beyond the amount of his share of the indebtedness or obligations of said insurance company, which has been determined herein to be $1,500 with costs, an amount in excess of said assigned judgment attempted to be enforced against said Poe. There is no question but that Poe in a suit or any other proceeding for the collection by Calhoun of said judgment claimed to have been assigned to him could have claimed as a defense the amount due from said surety Calhoun to Poe as contribution for the amount of the debts and obligations of the insurance company discharged by Poe more than his share hereof, himself and Poe being the solvent sureties.

Having the right to contribution of said amount from W. B. Calhoun, who was in fact a party when he paid the consideration and became the first assignee of the judgment, he can enforce the collection of the amount thereof as against the judgment in the hands of the present assignee, the assignment not cutting off any equities nor defenses that existed as between said Calhoun and appellee Poe.

The decree is affirmed.