HOWARD *v.* HOWARD.

4-6861                                                    166 S. W. 2d 12

Opinion delivered November 9, 1942.

*Eugene Coffelt* and *Alvin Seamster*, for appellant.

*Vol T. Lindsey,* for appellee.

GREENHAW, J. Appellee brought this action against appellant, his wife, to secure a decree of divorce and the custody of their two minor children. He alleged that they had lived separate and apart without cohabitation for a period of more than three consecutive years prior to the filing of the complaint, pursuant to subsection 7 of § 2, Act 20 of the Acts of 1939. Some time thereafter he filed an amendment to the complaint alleging adultery on the part of appellant as an additional ground for divorce.

Appellant filed an answer denying the allegations of the complaint and the amendment to the complaint, and by way of cross-complaint asked for a divorce on the ground of willful desertion for a period of more than one year.

The cause was tried and a decree entered on December 4, 1941, in which the cross-complaint of appellant was dismissed for want of equity and a divorce granted to appellee. In this decree the court adjudicated and settled property rights of the parties, gave to appellant

possession until June 1, 1942, of the home where she and the children resided, divested her of all interests in the real estate of appellee and vested same in appellee, and made a temporary order with reference to the custody and maintenance of the minor children, from which is this appeal.

Appellee has filed in this court a motion to dismiss the appeal for the reason that the testimony of witnesses taken in open court was not transcribed and filed during the term at which the case was tried, but was filed May 18, 1942, after both the January and April terms of the Benton chancery court had intervened, and chiefly relies upon the case of *Elvin* v. *Morrow, ante,* p. 456, 162 S. W. 2d 892.

We are unable to agree with this contention. This case was tried upon depositions which had been taken pursuant to agreement, and also upon the oral testimony of witnesses in open court. At the beginning of the trial the following stipulation was entered: "It is agreed by and between the parties hereto that the evidence may be taken orally in open court in shorthand by Bernice L. Bottens and by her transcribed to typewriting upon request of either party and when the evidence is so transcribed to be filed either in term time or in vacation as depositions in the case, and when so filed by her to become a part of the record herein."

It will be observed that under the terms of the stipulation the evidence could be transcribed and filed either in term time or in vacation, and the fact that same was not transcribed and filed during the term when the trial was had and the decree entered did not preclude the filing thereof after the term had lapsed. We have so held under somewhat similar facts. See *McCall* v. *McCall, ante,* p. 836, 165 S. W. 2d 255.

The evidence showed that appellant and appellee were married in Benton county, Arkansas, in January, 1924, and lived together as husband and wife in Benton county, Arkansas, until some time during the year 1936, when appellee left the state of Arkansas, and thereafter obtained work in oil fields in Kansas, Oklahoma, New Mexico, Texas and Illinois.

Two children were born to this union, Don Orba, a son, who was 13 years of age, and Dawna, a daughter, who was nine years of age at the time of the trial. Appellee owned a farm near Bella Vista, upon which they lived and which constituted the homestead. When appellee left, appellant and the children continued to reside there. Thereafter they went to various places where appellee was working, and lived with him for short periods of time. They lived together in Seagraves, Texas, during the fall of 1937, and from this place appellant and the two children were sent by appellee to their home in Benton county, where they have since resided.

Appellee and numerous witnesses testified that he and appellant have not lived and cohabited together as husband and wife since January 7, 1938; that he returned to Benton county from time to time to see the children, but that he and appellant did not live and cohabit together as husband and wife.

The court made the following findings of fact:

"The court finds from the evidence that the plaintiff is entitled to an absolute divorce from the defendant on the two grounds as alleged in the complaint and that the cross-complaint of the defendant should be dismissed for want of equity.

"The court finds from the evidence that the plaintiff and defendant have lived separate and apart without cohabitation at all times since January 7, 1938.

"The court finds that it is proper, under the existing conditions, that the defendant should have the custody of said children until the 1st day of June, 1942, and that the plaintiff pay to said defendant for the care, custody and maintenance of said children the sum of $30 per month, from date until June 1, 1942, at which time the plaintiff is to have the care, custody and control of said minor children until the third Thursday in August, 1942, at which time the court will make permanent orders as to said children and allowances, depending upon the situation of the parties existing at said time.

"The court further finds from the evidence that the defendant is awarded, as her share of the plaintiff's property, all household goods now situated upon the premises occupied by the defendant belonging to the plaintiff and all personal property now on the farm except the ten calves owned by her son, Don Orba Howard, and is to have the automobile now in her possession, and that the defendant is permitted to occupy the farm of the plaintiff without committing any waste thereon until June 1, 1942, at which time the plaintiff is to have possession thereof."

A decree was entered in conformity with these findings.

It would serve no useful purpose to set out in detail the evidence in this case. Suffice it to say that in our opinion the court's finding that appellant and appellee had lived separate and apart without cohabitation for more than three years prior to the filing of the complaint was supported by a preponderance of the evidence which justified granting a divorce on this ground under subdivision 7 of § 2 of Act 20 of 1939.

In the case of *Greer* v. *Greer*, 193 Ark. 301, 99 S. W. 2d 248, this court said: "As to the sufficiency of the evidence to support the chancellor's finding, it may be stated at the outset, that the same rule applies in a divorce action as in other chancery actions, that the findings of fact by a chancellor will not be disturbed by this court unless such finding is against the preponderance of the evidence."

According to the evidence, we think that both appellant and appellee were guilty of misconduct which no doubt was taken into consideration by the court in adjudicating their property rights as provided in said Act 20. We are unable to say that the action of the court in this respect was erroneous and not supported by a preponderance of the evidence.

The decree dismissing the cross-complaint of appellant, but giving her certain personal property and divesting her of her interest in appellee's real estate, and granting a divorce to appellee is affirmed.

The decree appealed from, in so far as it affected the custody and maintenance of the minor children, was not final, it being specifically provided therein that the final order with reference thereto would be entered the third Thursday in August, 1942. The appeal was filed in this court on May 20, 1942, and therefore any order which may have been made subsequently is not before us.

While the evidence showed that the appellee was born and reared in Benton county, Arkansas, and had always claimed that as his home and legal domicile, paying his taxes, including poll tax, there, and had never voted in any other state nor established or claimed a permanent home elsewhere, yet the undisputed proof was that he was in oil field construction work which necessitated his going from place to place in various states, thereby creating a situation which in our opinion would not be conducive to the best interests of the minor children were he to have their custody at this time. We are of the opinion that the interests of the minor children would be best served if their custody were awarded to appellant for the present, with provision for their adequate maintenance at the expense of appellee, and the further provision that appellee be permitted to visit them and have them visit him at all reasonable times. The chancery court will, of course, retain jurisdiction to make such further orders for the custody and support of the children as it from time to time may deem meet and proper.

The custody of the minor children is therefore awarded to appellant until such time as the chancery court may deem it to the best interests of the children to make other orders, and this cause is remanded to the lower court to the end that suitable and proper orders for visitation and support of the minor children may be made in the premises.

The record does not affirmatively show that appellee has property in this state other than the rural acreage now occupied by appellant and the two children. Inasmuch as the interest of the children is the paramount consideration, appellee is enjoined from disposing of such property, or encumbering it except in such manner

as may meet the approval of the chancery court—this for the benefit of the children as distinguished from appellant.

The costs of this case, including those on the appeal, will be assessed against appellee.