YOHE *v.* YOHE.

5-3364                                                    383 S. W. 2d 665

Opinion delivered November 16, 1964.

*Richard W. Hobbs,* for appellant.

*Walter G. Wright,* for appellee.

PAUL WARD, Associate Justice. Our only concern here is with the amount of temporary alimony and attorney's fee allowed the wife in a divorce suit which is still pending.

Appellant Charlene B. Yohe and appellee Charles D. Yohe were married June 8, 1963 and lived together until November of the same year. On January 20, 1964 appellant filed suit for a divorce on the ground of indignities, asking for her attorney's fee and alimony pendente lite. Appellee filed a motion to dismiss the complaint on the ground appellant was not a domiciliary of Arkansas. Then appellant renewed her motion for temporary alimony and preliminary attorney's fee.

A hearing was had on the two motions upon the testimony of appellant. The court denied appellee's motion to dismiss and ordered him "to pay plaintiff's attorney a preliminary fee of $125.00 and to pay plaintiff for her maintenance the sum of $150.00 per month, until further

order of the court''. From the above order appellant now prosecutes this appeal, contending the trial court erred in refusing to allow her more money for alimony and attorney's fee pending further litigation.

After a careful review of the record we are unable to say the trial court committed reversible error, especially in view of the inconclusiveness of the testimony. Appellant was of the opinion her husband's income was around $2,500 per month, but at the same time she admitted he placed a $2,000 mortgage against his automobile to pay current bills. She also stated that appellee's office overhead was between $600 and $700 per month, and that it cost around $1,700 per month to maintain a home. Also appellee's testimony indicates she may not have been in great need of money to live while prosecuting the divorce suit. She owns a home in which she has an equity of over $20,000, and appellee gave her $7,000 three months before they were married. Appellant says she has been living with her daughter (by a former marriage) in another state for which she pays $25 per week.

Considering the fact that the allowances were only temporary and that there was no way of knowing, pending a full and final hearing, the needs of appellant or the financial status of appellee, we cannot say the trial court abused its sound discretion. This court has been consistent and specific as to the applicable rule in a situation of this nature.

In the case of *Kearney* v. *Kearney*, 224 Ark. 484, 274 S. W. 2d 779, we said:

''We have consistently held, through a long line of cases, that the question of alimony (under the provisions of § 34-1210, Ark. Stats. 1947), and the amount to be allowed to the wife pending the suit for divorce, together with her costs for attorneys' fees and suit money, are within the sound discretion of the court, and unless abused, the court's action will not be disturbed here.''

In *Allen* v. *Allen*, 171 Ark. 241, 283 S. W. 984, there is this language which is also applicable here:

644

"It cannot be determined in advance what amount of fee will be earned, and it must be left to a decision at the end of the litigation, when the extent of the services will be known and the result of the recovery and appellant's ability to pay."

The order of the trial court is accordingly affirmed.

Affirmed.