Shelby B. HACKETT *v.* Peggy Nantz HACKETT

82-220                                    643 S.W.2d 560

Supreme Court of Arkansas
Opinion delivered December 20, 1982

*Ralph M. Cloar, Jr.,* for appellant and cross-appellee.

*E. Winton McInnis,* for appellee and cross-appellant.

DARRELL HICKMAN, Justice. This is a divorce case certified to us by the Court of Appeals because it involves an interpretation of Act 714 of 1981.

The chancellor awarded the appellee and cross appellant, Peggy Nantz Hackett, a divorce, custody of the parties' children, child support of over $1,000 per month, the possession of the parties' home and one-half of the marital property, both real and personal.

Both parties appeal seeking additional relief. The appellant, Shelby B. Hackett, complains that the chancellor refused to divide the parties' debts and failed to designate the specific personal property each is to receive. Mrs. Hackett on cross-appeal seeks more than one-half of the property, alimony, more child support and an interest in Mr. Hackett's part of a capital account with Southwestern Life Insurance Company where he is a salesman.

The decree is affirmed in every respect. In the matter of alimony and child support the chancellor is given wide discretion; in the former a power to grant or deny depends on the circumstances of the case and parties; in the latter, the chancellor may fix a sum that adequately provides for the support and maintenance of the minor children after considering all the circumstances of the case, including the parties' station in life. *Russell* v. *Russell*, 275 Ark. 193, 628 S.W.2d 315 (1982); *Gross* v. *Gross*, 266 Ark. 186, 585 S.W.2d 14 (1979). In this case we cannot say the chancellor was clearly wrong in either regard.

Act 714 of 1981 provides the marital property of the parties shall be divided equally unless the chancellor, for detailed reasons, finds otherwise. He did not find otherwise and we will not substitute our judgment for his. There is no evidence in this case Mr. Hackett had a vested interest in the capital account with Southwestern Life Insurance Company that was fully distributive upon the date of the Hacketts' divorce. Therefore, Mrs. Hackett is not entitled to any portion of that account as "property" defined by Act 714. *Bachman* v. *Bachman*, 274 Ark. 17, 621 S.W.2d 701 (1981); *Paulsen* v. *Paulsen*, 269 Ark. 523, 601 S.W.2d 873 (1980).

Mrs. Hackett complains part of the child support goes to make the mortgage, tax and insurance payments on the

family home which she was granted possession of. This also was a matter of discretion with the chancellor which we cannot say was abused. *McClain* v. *McClain,* 222 Ark. 729, 263 S.W.2d 911 (1954).

The only aspect of the case that is troublesome is the fact the chancellor found Act 714 did not require him to divide the debts. The parties offered evidence that their outstanding debts, besides mortgage payments on real estate, were about $13,555. The list totalled over thirty different debts and in most instances it is not clear who incurred the debts. The chancellor was not required by Act 714 to divide the debts, that is, to consider each debt and assign a party to pay it. But he was obligated to consider those debts in deciding the questions of alimony, support for the children, and perhaps the division of the property, and the chancellor may well have done so. Debts of the parties have always been a circumstance to be considered in divorce cases in awarding alimony. *Yohe* v. *Yohe,* 238 Ark. 642, 383 S.W.2d 665 (1964); *Shirey* v. *Shirey,* 87 Ark. 175, 112 S.W. 369 (1908). Debts incurred on behalf of minor children can be ordered paid. *Robbins* v. *Robbins,* 231 Ark. 184, 320 S.W.2d 498 (1959). Debts incurred by the parties regarding marital property can be ordered to be settled as between the parties. *Goodlett* v. *Goodlett,* 209 Ark. 297, 190 S.W.2d 14 (1945). Parties can be enjoined from incurring debts that will encumber property. *Howard* v. *Howard,* 204 Ark. 929, 166 S.W.2d 12 (1943). Obligations jointly made by the parties can be ordered to be settled, as between the parties. *Riegler* v. *Riegler,* 243 Ark. 113, 419 S.W.2d 311 (1969). An award of realty to the wife, silent as to who shall pay the mortgage, is an award subject to the mortgage. *Crosser* v. *Crosser,* 121 Ark. 64, 180 S.W. 337 (1915).

Indeed it would be unrealistic for a chancellor to refuse to consider the debts of the parties in deciding a divorce case. But that does not mean the chancellor must divide the debts. He may leave the parties as he found them, obligated individually or jointly to the creditor who is not ordinarily a party to a divorce and cannot therefore be bound by an order regarding the parties' debts.

The fact the chancellor in this case refused to divide the debts is not error. However, we remand the case only to ensure that he did consider those debts and the party or parties liable thereon when he made his decision regarding alimony, child support and the division of property.

Finally, Act 714 does not require every piece of personal property to be divided in kind. *Russell* v. *Russell, supra.* (The Hacketts had three cars and household items.) The chancellor expressed a desire that the parties divide the personal property among themselves and indicated if they could not he would order it all sold and the proceeds divided. That alternative is still available to the parties and it is not an improper one.

Affirmed and remanded.