Mr. & Mrs. Milton HALFORD *v.* SOUTHERN
CAPITAL CORPORATION and Walter
E. HUTCHINSON, III

83-17                                   650 S.W.2d 580

Supreme Court of Arkansas
Opinion delivered May 23, 1983

*Barron, Coleman & Barket, P.A.,* by: *Randy Coleman,*
for appellants.

*Mitchell, Williams, Selig, Jackson & Tucker,* by: *W.
Christopher Barrier,* for appellees.

JOHN I. PURTLE, Justice. The Pulaski County Chancery Court granted appellee a judgment against Mr. and Mrs. Milton Halford, appellants, in the total sum of $8,732.88. The judgment arose from a suit between these parties and others (not parties on appeal) involving debts of a defunct corporation whose note the parties had secured by a guaranty agreement. The chancellor included in the decree attorney's fees and interest at the rate provided for in the note of 15 3/4% until judgment and at the same rate after judgment until paid. On appeal the appellants argue the trial court erred in awarding prejudgment and postjudgment interest and in awarding attorney's fees to appellee.

Appellees and appellants, along with other parties not involved in this appeal, entered into an enterprise which eventually became insolvent. The corporation, Little Rock Auto Painters, Inc., owed many debts among which were debts owed to the parties to this action. In the beginning the corporation was formed for the purpose of painting automobiles. It was a corporation which had to borrow its initial capital and to do so the appellants and appellees, among others, guaranteed a note to a local bank. The place of business burned and the proceeds of the insurance policy were applied to the company's outstanding note to the bank, which was eventually reduced to $17,436.06. Interest on the note was 15 3/4% per annum. The bank called upon appellees, the only obligors with assets assigned to guarantee the note, to pay off the balance of the note. The note to the bank was paid off by appellees on February 13, 1980. The bank assigned the note to appellees, without recourse.

On April 9, 1980, suit was filed in Pulaski County Chancery Court by appellees against the appellants and other guarantors on the note which had an outstanding balance of $17,436.06, for, among other things, contribution of their proportionate share of the indebtedness to the bank. In the final analysis the trial court granted appellees judgment against each of the appellants individually in the amount of $2,906.01 plus interest and attorney's fees in the amount of $1,460.43. Each judgment would accrue interest at the rate of $1.25 per day until paid. From this judgment the appellants appeal.

We agree with the chancellor that the case of *Hazel* v. *Sharum*, 182 Ark. 557, 32 S.W.2d 315 (1930) correctly states the law in this case. Hazel and Sharum were officers of a bank and, along with others, executed a promissory note. Hazel and another co-maker subsequently paid about half the note. Sharum died and his heirs, at the urging of the bank (payee of the note) paid the balance of the note for which they took an assignment of the note from the bank. The heirs, as assignees of the note, brought suit in chancery court praying for recovery of the amount paid to retire the note. Judgment was awarded in favor of Sharum's heirs. The judgment was to accrue interest at the rate of 7% per annum.

Although the question before the court in *Hazel, supra,* was whether the claims were barred by the statute of limitations, the court reviewed the law on the subject of contribution by joint makers when one of them paid a promissory note upon which others were jointly liable. The *Hazel* case held that an obligation created by obligors jointly liable on a promissory note, one of whom subsequently paid the entire obligation, entitled the payor to contribution by the others on an implied obligation. The court stated:

> Here the appellees, having paid the whole amount of the debt for which all were jointly liable, were entitled to maintain an action for contribution against the other joint makers of the note, *not on the note,* but on the contract which the law implies, an obligation worked out by courts of equity in order to do exact justice between the parties. (Emphasis supplied)

The *Hazel* court went on to hold that no cause of action between those jointly liable arises until some of them pay the common debt whereupon a three year statute of limitations commences to run on the implied contract of contribution.

We think *Hazel* v. *Sharum, supra,* is factually very similar to the case before us. The complaint in the present case sought "contribution and their proportionate share of the original indebtedness to Commercial National Bank." The chancellor was correct in holding that appellants were liable for their individual proportionate share of the amount

paid by the appellee to extinguish the joint indebtedness on the note. However, it appears the appellees were awarded interest at 15 3/4% between the time of payment of the note by them (on February 13, 1980) until judgment was entered and at the same rate afterwards. This was error as the suit was not upon the note but upon an implied obligation which arose when the joint liability to the bank (on the note) was extinguished. The chancellor also erred in awarding attorney's fees to the appellees. The settled law in Arkansas is that attorney's fees shall not be allowed except as provided for by statute. *Brady* v. *Alken, Inc.*, 273 Ark. 147, 617 S.W.2d 358 (1981). The only statute which could conceivably come into play in the present situation is Ark. Stat. Ann. § 68-910 (Repl. 1979), which allows attorney's fees specifically incorporated into a promissory note. Since the present case involves contribution on the note and is not a suit to enforce the note itself, this statute is not applicable. Attorney's fees, therefore, will not be allowed.

The liability being upon an implied contract, the prejudgment interest will be 6% and interest after judgment 10%. *Lovell* v. *Marianna Federal S. & L. Ass'n.*, 267 Ark. 164, 589 S.W.2d 597 (1979). Constitution of Arkansas, Art. 19, sec. 13.

The case is remanded to the trial court for the purpose of correcting the judgments to comply with this opinion.

Remanded.

HAYS, J., not participating.