# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 01-3580

_____

Concord Boat Corporation; Galaxie          *
Boat Works, Inc.; Sea Arrow Marine,        *
Inc.; Mariah Boats, Inc.; Harris Kayot,    *
Inc.; Armada Manufacturing Company,        *
Inc.; Baha Cruisers/FRP Industries,        *
Inc.; Campion Marine, Inc.; Caravelle      *
Boats, Inc.; KCS                           *
International/Cruisers, Inc.; Mirage        *
Holdings, Inc.; Play Time                   *
Manufacturing by Ohio Marine               *
Distributor, Inc.; Powerquest Boats,       *
Inc., Silverton Marine Corporation;        *
Independent Boat Builders, Inc.;           *
WTYS No. 4 Inc., doing business as         *    Appeal from the United States
Thompson Boat Company; Century             *    District Court for the Eastern
Craft Industries, Ltd., formerly           *    District of Arkansas.
known as Vanguard Industries; Avenger *
Manufacturing; G W Invader;                *
Malibu Boats West, Inc.; Weeres            *
Industries Corporation; Doral              *
International, Inc.; Albemarle Boats,       *
Incorporated,                              *
                                           *
              Plaintiffs-Appellees,        *
                                           *
       v.                                  *
                                           *
Brunswick Corporation, a Delaware          *
corporation,                               *
                                           *
              Defendant-Appellant.         *

_____

Submitted:   September 9, 2002
Filed:   October 25, 2002
_____

Before HANSEN, Chief Judge, LAY, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.

After the antitrust judgment in favor of plaintiff boat companies was overturned in Concord Boat Corp. v. Brunswick Corp., 207 F.3d 1039, 1063 (8th Cir.), cert. denied, 531 U.S. 979 (2000), appellant Brunswick Corporation returned to the district court seeking an award of costs as the prevailing party. Brunswick requested $2,041,743.68 in costs, including $619,598.03[1] as reimbursement for its copying expenses. The district court awarded it $913,917.80 in costs, which included $371,858.65 for copies, but declined to impose joint and several liability. On its appeal, Brunswick only challenges the amount of costs awarded for photocopying and the allocation of costs among the boat companies. After the initial briefing by the parties, we remanded to the district court for further consideration and findings. Concord Boat Corp. v. Brunswick Corp., 17 Fed. Appx. 491, 493–94 (8th Cir. 2001) (per curiam). The district court then issued a more detailed order awarding the same

_____

[1]The record contains more than one figure for the amount of Brunswick's photocopying cost request. The district court used three different figures without explanation: in its initial order on costs it stated that the amount requested was $619,764.43, but in its supplemental order it both stated that the request was $610,598.03 and elsewhere that it was $619,598.03. The latter figure is the same amount requested in the supplemental affidavit submitted by Brunswick, and it appears from the record to be the amount requested. (Brunswick App. at A99 (Supplemental Affidavit of Robert F. Finke.))

amount of copying costs and using the same percentages to apportion liability. We reverse.

## I.

In its initial briefing, Brunswick argued that the district court had abused its discretion by apportioning costs among the boat companies instead of holding them jointly and severally liable. It also attacked the use of a percentage basis for allocation which was derived from the damage calculations of plaintiffs' trial expert, whose opinion lacked foundation. Brunswick asserted that the court had abused its discretion in not awarding its requested copying costs in contrast to the way plaintiffs' cost request had been handled when they were the prevailing parties. The boat companies responded to these arguments by saying that the district court had not abused its discretion. In light of the general rule for joint and several liability and the abbreviated nature of the order apportioning costs and reducing copying costs, we remanded for further consideration and findings by the district court.

The district court issued a supplemental order. The court stated that it would be unfair to award costs on a joint and several basis because that approach would have a disproportionate impact on those plaintiffs who would have recovered less than others under the damage calculations of their expert, Dr. Robert Hall. It reasoned that apportioning costs on an individual basis would result in each plaintiff being responsible for an amount of costs corresponding to its participation in the antitrust action and that Dr. Hall's allocation of damages among the boat companies had not been invalidated. The district court identified a number of factors it relied on in reducing the photocopy award: insufficient documentation, Brunswick's comparatively larger copying costs and number of attorneys and paralegals, and Brunswick's failure to make a reduction from its charged cost and for copies related to unsuccessful pretrial work.

In its supplemental briefing, Brunswick again asserts that the district court abused its discretion in apportioning costs and in sharply cutting the amount of its photocopy requests. Brunswick argues that the district court identified no rational, nonarbitrary reason to reject joint and several liability and no reason why Dr. Hall's opinion provides a valid basis for allocating costs. It argues that apportioning costs among the boat companies would make collection very difficult and possibly impossible for substantial portions of the award. Brunswick also argues that no sound reason has been given for such a large reduction to photocopy costs, particularly in light of the court's earlier treatment of plaintiffs' cost request. The boat companies respond that costs are within the discretion of the district court and that, for the reasons given by the district court, it did not abuse that discretion.

II.

A.

We review the district court's decision to allocate costs on an individual basis for an abuse of discretion. See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 468–69 (3d Cir. 2000); cf. Southern Agency Co. v. La Salle Cas. Co., 393 F.2d 907, 915 n.7 (8th Cir. 1968) (pro rata apportionment of costs in parallel cases involving same prevailing party should be reviewed for an abuse of discretion). A district court abuses its discretion when, among other things, it fails to consider "a relevant factor that should have been given significant weight." Verizon Communications, Inc. v. Inverizon Int'l, Inc., 295 F.3d 870, 872–73 (8th Cir. 2002) (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)).

Joint and several liability for costs is the general rule unless equity otherwise dictates. In re Paoli, 221 F.3d at 469. The district court's reason for allocating costs individually—that the boat companies sought varying amounts of damages—is not a sufficient reason to depart from this rule. Since individual plaintiffs frequently do

not seek the same amount of damages, this approach would create an exception that swallows the rule. Moreover, all the plaintiffs in this case were represented by the same counsel, had common theories of liability, and sought the same discovery. They also all asked for the same powerful equitable relief in addition to damages—an order divesting Brunswick of several of its businesses and enjoining it from employing particular business practices. See Concord Boat, 207 F.3d at 1048. In these circumstances, it cannot be said that any individual plaintiff generated more costs than others. Cf. White v. Sundstrand Corp., 256 F.3d 580, 586 (7th Cir.), cert. denied, 122 S. Ct. 666 (2001) (individual costs awards may be appropriate when "different groups of plaintiffs raise *distinct issues that give rise to segregable costs of litigation*") (emphasis added); Walker v. U.S. Dept. of Hous. & Urban Dev., 99 F.3d 761, 773 (5th Cir. 1996) (joint and several liability for attorney fees appropriate where parties had joint legal team and shared witnesses). Indeed, there has been no showing that Dr. Hall's testimony about each plaintiff's share of the total amount of damages relates in any way to costs generated. Correlating costs only to the amount of damages a party hoped to recover is not a useful model, for there are additional factors which are relevant in considering a party's role in the litigation.

Other equities also favor joint and several liability. Imposing only individual liability here would be inconsistent with the presumption embodied in Rule 54(d) of the Federal Rules of Civil Procedure that a prevailing party is entitled to recover all of its costs. See Blake v. J.C. Penney Co., Inc., 894 F.2d 274, 281 (8th Cir. 1990). The expense of collection and the potential insolvency of several parties make it likely that Brunswick would not recover a substantial portion of its award without joint and several liability. In the absence of strong opposing considerations, it would be inequitable to place the risk of noncollection on the prevailing party. Joint and several liability should not unfairly force any boat company to bear the costs alone, however. The companies could allocate the risk of costs among themselves, or any party satisfying the judgment could seek contribution from the others. See Prestidge v. Prestidge, 810 F.2d 159, 162 (8th Cir. 1987) (citing Thorsen v. Poe, 184 S.W. 427,

428 (Ark. 1916) ("[W]here several parties are equally liable for the same debt, or bound to the discharge of an obligation, and one is compelled to pay or satisfy the whole of it, he may have contribution against the others to obtain payment for their respective shares.")).

In these circumstances it was an abuse of discretion not to take into account all relevant factors and to depart from the general rule for joint and several liability.

B.

Brunswick challenges the forty percent discount applied to its copying cost request. It points out that its request already included a voluntary fifteen percent reduction to account for convenience copies. This corresponded to the percentage reduction imposed by the district court in its earlier order awarding costs to the plaintiffs.

Expenses for photocopies "necessarily obtained for use in the case" are recoverable by the prevailing party as costs. 28 U.S.C. § 1920 (2000). Rule 54(d) directs that costs, such as necessary photocopies, "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily. See In re Paoli, 221 F.3d at 458 (award); Kropp v. Ziebarth, 601 F.2d 1348, 1358 n.27 (8th Cir. 1979) (award); Kemart Corp. v. Printing Arts Research Labs., 232 F.2d 897, 905 (9th Cir. 1956) (necessity of photocopy expenses). An abuse of discretion occurs when, among other things, the district court "'consider[s] and give[s] significant weight'" to "'an irrelevant or improper factor'" or "'commits a clear error of judgment'" when it exercises its discretion. Verizon, 295 F.3d at 872–73 (quoting Kern, 738 F.2d at 970).

After carefully reviewing the record, we conclude that several of the factors to which the district court gave significant weight in reducing the award do not support its decision. The court believed that Brunswick was charged a higher copy cost than plaintiffs and that it should therefore have voluntarily reduced the amount it requested. When an expense is taxable as a cost, however, there is a strong presumption that a prevailing party shall recover it "in full measure." In re Paoli, 221 F.3d at 462, 468; see Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). The "losing party bears the burden of making the showing that an award is inequitable under the circumstances." In re Paoli, 221 F.3d at 462–63. The court appeared to accord no significance to this presumption in favor of the prevailing party, but instead based the reduction on an assumption about the rate Brunswick was charged for copies. The burden was on the boat companies to show that Brunswick's request was inequitable, not on the prevailing party, and Brunswick had indicated its willingness to provide further information. Another reason given for reducing the costs request was for dismissal or abandonment of claims or damage theories before trial, a reason used to discount the plaintiffs' earlier request in light of numerous pretrial setbacks. It is not disputed, however, that none of Brunswick's counterclaims was dismissed before trial and the only damage theory it abandoned was a minor subpoint to the antitrust counterclaim later submitted to the jury. This basis to reduce copy costs therefore lacks support in the record as applied to Brunswick. The district court also penalized Brunswick for the comparatively large size of its legal team, but as plaintiffs' counsel admitted at oral argument, Brunswick had more at risk in the litigation. Finally, the court deemed the documentation provided by Brunswick to be insufficient, but it appears to have been comparable to that supplied by the plaintiffs, who were awarded eighty five percent of their adjusted request as opposed to sixty percent for Brunswick (adjustments reflecting the deduction for convenience copies).

Most of the district court's reductions to Brunswick's costs request were not challenged on appeal, but we conclude that the court abused its discretion in relying on several unsupported factors to reduce copying costs to the extent it did. Based on

our review of the record, we conclude that it supports no more than a fifteen percent reduction to Brunswick's request for copy costs and that Brunswick is entitled to an award of $526,658.33 for its photocopy costs. This amount added to the undisputed costs awarded by the district court ($542,059.15) results in a total cost award of $1,068,717.48.

## III.

Accordingly, we reverse, vacate the costs judgment, and remand to the district court for entry of an order awarding costs in favor of Brunswick in the amount of $1,068,717.48, to be assessed against plaintiffs jointly and severally.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.