# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1187

_____

In re:  Derailment Cases                          *

_____                             *
                                                  *
Anna Stachon; Roger McCarville;                   *
McCarville-Stachon, Inc., also known              *
as Capri Motel; Larry Hill; Ruth Heil;            *
Ernest Heil; Plaintiffs Charlotte Zephier,        *
Individually and as natural guardian              *
and next friend of Freeman Zephier;               *
Freeman Zephier, By and through his               *   Appeal from the United States
natural guardian and best friend; Connie          *   District Court for the
Colton-Graves, Individually and as                *   District of Nebraska.
natural guardian and next friend of Kyle          *
Graves; Kyle Graves, By and through               *
his natural guardian and next friend              *
Connie Colton-Graves; Theresa Wallace,            *
Individually and as natural guardian and          *
next friend of Derek Wallace, Kyle                *
Wallace and Brady Wallace; Derek                  *
Wallace, By and through his natural               *
guardian and next friend; Kyle Wallace,           *
By and through his natural guardian and           *
next friend; Brady Wallace, By and                *
through his natural guardian and next             *
friend; Laurinda Stauffer, Individually           *
 and as natural guardian and next                 *
friend; Frank Gonzales, Individually              *
and as next friend; Brandon Gonzales,             *
By and through his next friend;                   *
Andrew Stauffer-Gonzales, By and                  *
through his natural guardian and next             *

friend; Janet Craven, Individually and as natural guardian and next friend; Adrianna Packard, by and through her natural guardian and next friend; Serena Packard; Joni Olsen, Individually and as natural guardian and next friend; Kristen Olsen, By and through her natural guardian and next friend; Amy Olsen; Rebecca Olsen, By and through her natural guardian and next friend; Yolanda Garcia; Doris Young; Lawrence Kessler, Individually and as natural guardian and next friend of Chelsea Kessler and Logan Kessler; Marian Kessler, Individually and as natural guardian and next friend of Chelsea Kessler and Logan Kessler; Chelsea Kessler, By and through her natural guardians Lawrence Kessler and Marian Kessler; Logan Kessler, By and through his natural guardians Lawrence Kessler and Marian Kessler; Jami Olsen, Individually and as natural guardian and next friend of Aubbrianna Olsen; Aubbrianna Olsen, By and through her natural guardian and best friend; Judy Schnell, Individually and as natural guardian and next friend of Thorne Schnell and Alyssa Schnell Voorhees; Warren Voorhees, Individually; Thorn Schnell, By and through his natural guardian, Judy Schnell; Alyssa Schnell-Voorhees, By and through her natural guardian, Judy Schnell; Mary St. Onge; Jeff Wallace, Individually; Cleta Gable-Nuss,

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Plaintiffs/Appellants,    *
   *

v.    *
   *

Burlington Northern and Santa Fe    *
Railway Company, a Delaware    *
Corporation; Montana Rail Link, Inc.,    *
A Montana Corporation,    *
   *

Defendants/Appellees.    *
_____    *
   *

Anna Stachon; Roger McCarville;    *
McCarville-Stachon, Inc., also known    *
as Capri Motel,    *
   *

Plaintiffs,    *
   *

v.    *
   *

Burlington Northern and Santa Fe    *
Railway Company, a Delaware    *
Corporation; Montana Rail Link, Inc.,    *
   *

Defendants.    *
_____    *
   *

Larry Hill,    *
   *

Plaintiff,    *
   *

v.    *
   *

Burlington Northern and Santa Fe    *
Railway Company, a Delaware    *
Corporation; Montana Rail Link, Inc.,    *
a Montana Corporation,    *
   *

Defendants.    *

-3-

_____

Ruth Heil; Ernest Heil,

        Plaintiffs,

    v.

Burlington Northern and Santa Fe
Railway Company; Montana Rail
Link, Inc.,

        Defendants.
_____

Charlotte Zephier, Individually and as
natural guardian and next friend of
Freeman Zephier; Freeman Zephier,
By and through his natural guardian
and best friend,

        Plaintiffs/Appellants,

    v.

Burlington Northern and Santa Fe
Railway Company, A Delaware
Corporation; Montana Rail Link,
A Montana Corporation,

        Defendants/Appellees.
_____

Connie Colton-Graves, Individually and
as Natural Guardian and Next Friend of
Kyle Graves; Kyle Graves, By and
Through His Natural Guardian and Next

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

Friend Connie Colton-Graves,      *
                                        *

             Plaintiffs/Appellants,    *
                                        *

      v.                            *
                                        *

Burlington Northern and Santa Fe   *
Railway Company, A Delaware     *
Corporation; Montana Rail Link, A  *
Montana Corporation,            *
                                        *

             Defendants/Appellees.   *
      _____    *
                                        *

Theresa Wallace, Individually and as *
natural guardian and next friend of   *
Derek Wallace, Kyle Wallace and Brady *
Wallace; Derek Wallace, by and through *
his natural guardian and next friend;  *
Kyle Wallace, by and through his     *
natural guardian and next friend; Brady *
Wallace, by and through his natural   *
guardian and next friend,         *
                                        *

             Plaintiffs/Appellants,    *
                                        *

      v.                            *
                                        *

Burlington Northern and Santa Fe   *
Railway Company, A Delaware     *
Corporation; Montana Rail Link,    *
A Montana Corporation,          *
                                        *

             Defendants/Appellees.   *
      _____    *
                                        *

Laurinda Stauffer, Individually, and as      *
Natural Guardian and Next Friend;            *
Frank Gonzales, Individually and as          *
Next Friend; Brandon Gonzales, by and        *
through his Next Friend; Andrew              *
Stauffer-Gonzales, by and through his        *
Natural Guardian and Next Friend,            *
                                             *
          Plaintiffs/Appellants,             *
                                             *
     v.                                      *
                                             *
Burlington Northern and Santa Fe             *
Railway Company; Montana Rail Link,          *
Inc., a Montana Corporation,                 *
                                             *
          Defendants/Appellees.              *
     _____                  *
                                             *
Janet Craven, Individually and as            *
Natural Guardian and Next Friend;            *
Adrianna Packard, by and through her         *
Natural Guardian and Next Friend;            *
Serena Packard, by and through her           *
Natural Guardian and Next Friend,            *
                                             *
          Plaintiffs/Appellants,             *
                                             *
     v.                                      *
                                             *
Burlington Northern and Santa Fe             *
Railway Company, a Delaware                  *
Corporation; Montana Rail Link, Inc.,        *
a Montana Corporation,                       *
                                             *
          Defendants/Appellees.              *
     _____                  *

|                                                                    | * |
| Joni Olsen, Individually and as Natural                            | * |
| Guardian and Next Friend; Kristen                                  | * |
| Olsen, by and through her Natural                                  | * |
| Guardian and Next Friend; Amy Olsen,                               | * |
| by and through her Natural Guardian                                | * |
| and Next Friend; Rebecca Olsen, by and                             | * |
| through her Natural Guardian and Next                              | * |
| Friend,                                                            | * |
|                                                                    | * |
|        Plaintiffs/Appellants,   | * |
|                                                                    | * |
|    v.                                               | * |
|                                                                    | * |
| Burlington Northern and Santa Fe                                   | * |
| Railway Company; Montana Rail Link,                                | * |
| Inc., a Montana Corporation,                                       | * |
|                                                                    | * |
|        Defendants/Appellees.    | * |
| _____                          | * |
|                                                                    | * |
| Yolanda Garcia,                                                    | * |
|                                                                    | * |
|        Plaintiff/Appellant,     | * |
|                                                                    | * |
|    v.                                               | * |
|                                                                    | * |
| Burlington Northern and Santa Fe                                   | * |
| Railway Company, a Delaware                                        | * |
| Corporation; Montana Rail Link, Inc.,                              | * |
| a Montana Corporation,                                             | * |
|                                                                    | * |
|        Defendants/Appellees.    | * |
| _____                          | * |
|                                                                    | * |

Doris Young,                                    *
                                                *
            Plaintiff/Appellant,               *
                                                *
      v.                                        *
                                                *
Burlington Northern and Santa Fe               *
Railway Company, a Delaware                     *
Corporation; Montana Rail Link, Inc.,          *
a Montana Corporation,                          *
                                                *
            Defendants/Appellees.              *
_____                         *
                                                *
Lawrence Kessler, Individually, and as         *
natural guardian and next of friend of         *
Chelsea Kessler and Logan Kessler;             *
Marian Kessler, Individually and as            *
natural guardian and next of friend of         *
Chelsea Kessler and Logan Kessler;             *
Chelsea Kessler, by and through her            *
natural guardians Lawrence Kessler             *
and Marian Kessler; Logan Kessler,             *
by and through his natural guardians           *
Lawrence Kessler and Marian Kessler,           *
                                                *
            Plaintiffs/Appellants,             *
                                                *
      v.                                        *
                                                *
Burlington Northern and Santa Fe               *
Railway Company, a Delaware                     *
Corporation; Montana Rail Link,                *
a Montana Corporation,                          *
                                                *
            Defendants/Appellees.              *
_____                         *

Jami Olsen, Individually and as natural guardian and next friend of Aubbrianna Olsen; Aubbrianna Olsen, By and through her natural guardian and best friend,

       Plaintiffs/Appellants,

   v.

Burlington Northern and Santa Fe Railway Company, A Delaware Corporation; Montana Rail Link, A Montana Corporation,

       Defendants/Appellees.
_____

Judy Schnell, Individually and as natural guardian and next friend of Thorn Schnell and Alyssa Schnell-Voorhees; Warren Voorhees, Individually; Thorn Schnell, by and through his natural guardian, Judy Schnell; Alyssa Schnell-Voorhees, by and through her natural guardian, Judy Schnell,

       Plaintiffs/Appellants,

   v.

Burlington Northern and Santa Fe Railway Company, a Delaware Corporation; Montana Rail Link,

       Defendants/Appellees.
_____

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

Mary St. Onge,  *

      Plaintiff/Appellant,  *

    v.  *

Burlington Northern and Santa Fe
Railway Company, A Delaware
Corporation; Montana Rail Link, Inc.,
a Montana Corporation,  *

      Defendants/Appellees.  *

_____

Jeff Wallace, individually,  *

      Plaintiff/Appellant,  *

    v.  *

Burlington Northern and Santa Fe
Railway Company, a Delaware
Corporation; Montana Rail Link,
a Montana Corporation,  *

      Defendants/Appellees.  *

_____

Cleta Gable-Nuss,  *

      Plaintiff/Appellant,  *

    v.  *

Burlington Northern and Santa Fe
Railway Company, a Delaware  *

Corporation; Montana Rail Link, Inc.,        *
a Montana Corporation,                       *
                                             *
          Defendants/Appellees.        *

_____

Submitted:   May 11, 2005

Filed:  August 2, 2005 (corrected August 11, 2005)

_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Various residents of Scottsbluff, Nebraska (Plaintiffs) appeal from the district court's award of costs to the Burlington Northern and Santa Fe Railroad (BNSF) and Montana Rail Link (MRL). We vacate and remand.

**I.**

Plaintiffs filed suits against BNSF and MRL in Nebraska state court following a November 4, 2000, train derailment. BNSF and MRL removed the suits to federal court and the district court consolidated the cases. In an opinion filed this day, we affirmed the district court's resolution of most of these cases (certain claims from one case remain pending) in Hill v. Burlington Northern and Santa Fe Railway Co., No. 04-2053 (8th Cir. August 2, 2005). The district court also concluded that BNSF and MRL were prevailing parties under Federal Rule of Civil Procedure 54(d) and awarded them costs of $3,912.80 and $3,840.73, respectively. Plaintiffs appeal from the award of those costs.

**II.**

We review the district court's award of costs for abuse of discretion. Bathke v. Casey's Gen. Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995) (citation omitted). A

-11-

prevailing party is presumptively entitled to recover all of its costs. Fed. R. Civ. P. 54(d); Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 497 (8th Cir. 2002). We review *de novo* the legal question of whether a litigant is a prevailing party. Jenkins v. Missouri, 127 F.3d 709, 713 (8th Cir. 1997). We have previously upheld the award of costs under Rule 54(d) to a party that prevailed on summary judgment. See, e.g., Bathke, 64 F.3d at 347.

A.

Plaintiffs assert that neither BNSF nor MRL is a prevailing party. The district court's summary judgment ruling left open certain claims raised in one of the consolidated cases (the Stachon case). Those claims, which allege constitutional violations on the part of BNSF, are the only claims still pending in this consolidated litigation. Because the remaining claims do not name MRL as a defendant and because all other claims brought against MRL have been resolved in its favor, MRL is a prevailing party. Similarly, BNSF is a prevailing party with respect to all consolidated plaintiffs except the Stachon plaintiffs.

We are unable to determine, however, whether BNSF is a prevailing party against the Stachon plaintiffs. Because the general rule is that parties against whom costs are ordered are jointly and severally liable for those costs, Concord Boat, 309 F.3d at 497 (citation omitted), if BNSF is ultimately deemed a prevailing party against the Stachon plaintiffs, then those plaintiffs, along with the other consolidated plaintiffs, will be jointly and severally liable for BNSF's costs. If, on the other hand, BNSF is not designated a prevailing party against the Stachon plaintiffs, then they will have no liability for the award of costs to BNSF.

The district court clerk excepted the Stachon plaintiffs from its orders awarding costs to BNSF and to MRL. Because MRL is a prevailing party against each of the consolidated plaintiffs, the clerk erred in excluding the Stachon plaintiffs from the award of costs to MRL. Similarly, because it is possible that the Stachon plaintiffs

will ultimately be liable for the award of costs to BNSF when their pending claims have been resolved, it was also error for the clerk to exclude them from the award of costs to BNSF. But it would have been equally erroneous for the clerk to have included the Stachon plaintiffs in that cost award. The most practical resolution of this dilemma is for the district court to hold in abeyance its award of costs to BNSF until the Stachon claims have been resolved. At that point, the district court will be able to determine whether the Stachon plaintiffs should be named in the order awarding costs to BNSF.

## B.

Plaintiffs argue that, regardless of whether BNSF and MRL are prevailing parties, the district court should have refrained from awarding costs because of the economic disparities between Plaintiffs and the two defendants. We have upheld the award of costs under Rule 54(d) in similar situations in which the district court considered the economic hardship of the parties against whom costs were assessed. See Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003) (award of costs to federal law enforcement agents and against indigent prisoners); Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983) (award of costs to major corporation and against individual plaintiff of "limited financial resources"). Although the district court did not explicitly consider Plaintiffs' financial situation, we presume that it was not unaware of the economic disparities between residents of a small Nebraska town and two corporate defendants. Accordingly, we conclude that the district court implicitly considered Plaintiffs' financial means and that its decision to award costs was not an abuse of its discretion.

## III.

Plaintiffs allege that the district court should have compelled another attorney who had previously been involved in this litigation to hand over certain client files. As Plaintiffs' counsel conceded at oral argument, the need for client files is moot in

light of our decision in case No. 04-2053. Plaintiffs remaining arguments are either raised for the first time on appeal or otherwise without merit.

## IV.

The orders awarding costs to BNSF and MRL are vacated and the case is remanded with direction to add the Stachon plaintiffs to the order awarding costs to MRL[1] and to hold in abeyance the order awarding costs to BNSF until the Stachon plaintiffs' remaining claims have been resolved.

_____

---

[1]Plaintiffs argued in their reply brief and at oral argument that the cost award to MRL should have been offset by the $1,500 sanction imposed by the district court against MRL for an earlier discovery violation. It is unclear whether the consolidated plaintiffs against whom the cost award was imposed should be given credit for the amount of the sanction. On remand, the district court should consider what effect, if any, the sanction has on MRL's cost award.

-14-