# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4438

_____

Castural Thompson,

        Appellee,

v.

Wal-Mart Stores, Inc.,

        Appellant.

*
*
*
*
*  Appeal from the United States
*  District Court for the
*  Western District of Arkansas.
*
*
*

_____

Submitted: September 29, 2006
Filed: December 27, 2006

_____

Before RILEY and COLLOTON, Circuit Judges, and KYLE,[1] District Judge.

_____

RILEY, Circuit Judge.

Wal-Mart Stores, Inc. (Wal-Mart) appeals the district court's denial of its claim for attorney fees under 42 U.S.C. § 1988 and for costs under Federal Rule of Civil Procedure 54(d)(1). We vacate the judgment for attorney fees and costs, and remand to the district court for further proceedings.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

## I.    BACKGROUND

Castural Thompson (Thompson) filed a complaint alleging Wal-Mart discriminated against him based on his race in violation of 42 U.S.C. § 1981. After a four-day bench trial, the district court concluded Thompson had not established a prima facie case of racial discrimination. The district court ordered each party to bear its own attorney fees and costs. Wal-Mart appeals.

## II.   DISCUSSION

We review de novo the legal issues related to the award of attorney fees and costs and review for abuse of discretion the actual award of attorney fees and costs. See Cody v. Hillard, 304 F.3d 767, 772 (8th Cir. 2002); Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996) (per curiam).

### A.    Attorney Fees

Title 42 U.S.C. § 1988(b) provides "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." In the trial order, the district court stated, "nothing in the testimony or evidence presented at trial would lead a reasonable factfinder to believe that any conflict [with Thompson's supervisor] existed due to [Thompson's] race." In the order denying Wal-Mart's claim for attorney fees, however, the district court stated, "a fact-finder, based upon the circumstances, timing, and actions of Wal-Mart executives, could well have concluded [Thompson] was subject to racial discrimination." Absent any further explanation of the circumstances, timing, and actions of Wal-Mart executives, the district court's reason for denying Wal-Mart's claim for attorney fees appears to be internally inconsistent with its conclusion Thompson failed to establish a prima facie case of racial discrimination.[2]

---

[2]We hold only that the record before us is not entirely consistent and do not reach the merits of the whether Wal-Mart, as the prevailing defendant, is entitled to attorney fees under 42 U.S.C. § 1988(b). See generally Dillon v. Brown County, Neb., 380 F.3d 360, 365 (8th Cir. 2004) ("A prevailing defendant may recover fees if the plaintiff's suit was 'frivolous, unreasonable, or groundless.'" (quoting Marquart

Therefore, due to the apparent internal inconsistency, we vacate the attorney fees denial and remand for further consideration. Subsalve USA Corp. v. Watson Mfg., Inc., 462 F.3d 41, 45 (1st Cir. 2006).

## B. Costs

Rule 54(d)(1) provides "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "A prevailing party is presumptively entitled to recover all of its costs." In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005). To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs. Weeks v. Samsung Heavy Indus., Co., 126 F.3d 926, 945 (7th Cir. 1997); accord Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., 254 F.3d 987, 1012 (11th Cir. 2001); Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) ("A district court must 'specify reasons' for its refusal to award costs." (citation omitted)); Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021, 69 F.3d 456, 459 (10th Cir. 1995). Here, the district court never articulated its specific reasons for denying Wal-Mart's claim for costs. The district court concluded its denial of fees and costs "is fair to both Wal-Mart and [Thompson]." A general statement of fairness is insufficient, without more, to rebut the Rule 54(d)(1) presumption for an award of costs to the prevailing party. Therefore, the district court erred by refusing to award costs to the prevailing party without providing a more precise rationale for doing so.

## III. CONCLUSION

For the reasons stated, we vacate the denial of Wal-Mart's claim for attorney fees and costs, and remand for further proceedings consistent with this opinion.

_____

_____

v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers, 26 F.3d 842, 852 (8th Cir. 1994))).

-3-