# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————

No. 07-1441

———————

Advantage Media, L.L.C.,     *
                                       *

           Plaintiff – Appellant,     *

                                         *

Hispanic Chamber of Commerce     *
of Minnesota,                     *    Appeal from the United States
                                         *    District Court for the

            Plaintiff,            *    District of Minnesota.
       v.                                 *

                                         *

City of Hopkins, Minnesota,     *
                                         *

           Defendant – Appellee.     *

———————

Submitted: November 14, 2007
Filed: January 8, 2008

———————

Before MURPHY, HANSEN, and GRUENDER Circuit Judges.

———————

MURPHY, Circuit Judge.

Advantage Media (Advantage) submitted permit applications for the construction of four large billboards to the city of Hopkins, Minnesota ("the city"). The city declined to process the applications, and Advantage brought an action pursuant to 42 U.S.C. § 1983 claiming that the city's sign code was unconstitutional under the First and Fourteenth Amendments and that the city violated its constitutional

rights by denying the applications. The district court[1] granted Advantage's motion for a preliminary injunction to halt the enforcement of the sign code, but the trial jury awarded no damages to Advantage and the district court denied its motion for attorney fees for procuring the preliminary injunction. Advantage now appeals the district court's determination that it was not a prevailing party under 42 U.S.C. § 1988. We affirm.

I.

Advantage is a Minnesota company that develops and operates advertising signs for commercial and noncommercial purposes. Hopkins is a suburban community of more than 17,000 residents located approximately thirteen miles from Minneapolis. On November 23, 2004 Advantage submitted applications to the city to erect four 672 square foot billboards containing trivision technology. A trivision billboard consists of four or six inch vertical slats which rotate on a timer to display only one message at a time; each side of a billboard is capable of displaying three messages for a total of six messages per billboard.

Hopkins regulates the signs built in the city through its sign ordinance. The authorized city official refused to accept Advantage's applications for processing despite its repeated requests. Advantage asked for a written explanation, but the official refused. In spite of the city's refusal, Advantage left the applications with the official for processing. On December 4, 2004 the city returned the unprocessed applications by mail with a note stating only that the city was returning the applications. Advantage filed suit against the city on December 8, 2004 in the District of Minnesota, alleging that its sign ordinance violated various constitutional provisions including the First Amendment. The complaint included allegations that the ordinance was unconstitutional on its face and as applied to Advantage and that

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

the ordinance impermissibly favored commercial speech over noncommercial speech. On January 21, 2005 the city sent Advantage a letter stating it rejected the applications because the proposed signs violated the ordinance provisions regulating the size of signs. The largest signs permitted anywhere in the city under the sign ordinance were 250 square feet.

On July 5, 2005 Advantage filed a motion for a preliminary injunction to enjoin enforcement of the ordinance. The district court issued a preliminary injunction on July 29, 2005. Advantage Media, L.L.C. v. City of Hopkins, 379 F. Supp. 2d 1030, 1048 (D. Minn. 2005) (Advantage I). It determined that the constitutionally suspect ordinance provisions were so pervasive that they could not be severed; the district court therefore enjoined enforcement of the entire ordinance. Id. at 1047–48. In response to the injunction the city enacted an emergency interim sign ordinance on August 3, 2005 and enacted a new permanent sign ordinance on August 16, 2005. The new sign ordinance cured the constitutional infirmities that formed the basis of Advantage's lawsuit.

On August 8, 2005 Advantage filed a motion for partial summary judgment, and the city filed its summary judgment motion on August 19, 2005. The district court denied Advantage's motion and granted in part and denied in part the city's motion. Advantage Media, L.L.C. v. City of Hopkins, 408 F. Supp. 2d 780 (D. Minn. 2006) (Advantage II).[2] As to Advantage's request for fees, the district court held that Advantage was not a prevailing party at that stage because the injunction "was preliminary in nature and was not a decision that granted actual relief on the merits." Id. at 796. The district court also denied the city's motion to dismiss Advantage's claims for damages and fees and set the case for trial. Id. at 796–97.

---

[2]The district court also dismissed a second plaintiff, Hispanic Chamber of Commerce of Minnesota, for lack of standing. See Advantage II, 408 F. Supp. 2d at 785–88.

In September 2006 a two day jury trial was held on whether the city unconstitutionally refused Advantage's applications based on their content and whether Advantage was entitled to damages. The jury determined that the city had denied Advantage's applications on a content neutral basis and therefore Advantage was not entitled even to nominal damages.

On October 30, 2006 Advantage filed a limited motion for attorney fees and costs related to procuring the preliminary injunction. The city filed its own motion for attorney fees. The district court denied Advantage's motion on the grounds that it was not a prevailing party for the purpose of 42 U.S.C. § 1988. Advantage Media, L.L.C. v. City of Hopkins, 2007 WL 270426 (D. Minn. Jan. 29, 2007) (Advantage III). The court found that Advantage had not obtained a "judicially sanctioned material alteration to the parties' legal relationship in a manner that benefitted Advantage" as required to attain prevailing party status, and Advantage therefore did not satisfy § 1988's requirements to receive attorney fees. Id. *2–3, citing Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793, 801–02 (8th Cir. 2006) ("[§ 1988 attorney fees] can be awarded only to a 'prevailing party' who receives 'actual relief on the merits of his claim'; Advantage could never be such a party, for even in victory it would be 'no closer' to erecting its billboards or obtaining damages than when litigation began.") (internal citations omitted). The court also denied the city's motion for fees. Advantage now appeals the district court's determination that it was not a prevailing party under 42 U.S.C. § 1988 for the purpose of obtaining attorney fees related to obtaining the preliminary injunction.

II.

We review de novo both "the determination of whether a litigant is a prevailing party," Salitros v. Chrysler Corp., 306 F.3d 562, 576 (8th Cir. 2002), and "the legal issues related to the award of attorney fees," Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 516 (8th Cir. 2006).

-4-

Advantage argues that the district court erroneously concluded that the preliminary injunction did not bring about a material change in the parties' legal relationship and that it qualifies as a prevailing party under 42 U.S.C. § 1988. It also contends that under Supreme Court precedent its success in obtaining a preliminary injunction qualifies Advantage as a prevailing party eligible for an award of attorney fees. The city argues that Advantage is not a prevailing party because it did not show that the city unconstitutionally rejected its sign applications and because it did not obtain an "enforceable judgment on the merits" or a "court-ordered consent decree." The city also asserts that the fact that Advantage obtained a preliminary injunction which compelled the city to cure the ordinance's constitutional defects cannot qualify Advantage as a prevailing party because the Supreme Court has rejected the catalyst theory in the fee shifting context.

Parties to a lawsuit generally must bear their own costs, see Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598, 602 (2001), but Congress has provided in 42 U.S.C. § 1988(b) that "[i]n any action or proceeding to enforce a provision of [various civil rights statutes including 42 U.S.C. § 1983] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." Accordingly, a "plaintiff must be a 'prevailing party' to recover an attorney's fee under § 1988." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The test for prevailing party explained by Supreme Court is that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111–12 (1992); see Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 792–93 (1989) ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."). The Supreme Court refined this standard in Buckhannon when

it rejected the "catalyst" theory, which had been endorsed by all but one of the circuit courts and which permitted a plaintiff to recover fees if its lawsuit achieved the desired result through a voluntary change in the defendant's conduct. 532 U.S. at 602, 605. The Court held instead that a party must obtain a *judicially sanctioned* material alteration of the legal relationship between the parties to the lawsuit to achieve prevailing party status. Id. at 604–05. Surveying its past cases the Court determined that enforceable judgments on the merits and consent decrees create the requisite material alteration in the parties' legal relationship to achieve prevailing party status. See id. at 603–04. Although the statute at issue in Buckhannon was a provision of the Fair Housing Act, the Court's analysis applies generally to fee shifting statutes incorporating the "prevailing party" language. See id. at 603; Cody v. Hillard, 304 F.3d 767, 773 n.3 (8th Cir. 2002) (recognizing that the "prevailing party" analysis in Buckhannon applies generally to fee shifting statutes).

We have recognized that a preliminary injunction can in some instances carry the judicial imprimatur required by Buckhannon to convey prevailing party status. See Northern Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1086 (8th Cir. 2006) ("[S]ome preliminary injunctions are sufficiently akin to final relief on the merits to confer prevailing party status."); see, e.g., Dupuy v. Samuels, 423 F.3d 714, 723 & n.4 (7th Cir. 2005) (recognizing that preliminary injunctions can meet Buckhannon's judicial imprimatur requirement); Watson v. County of Riverside, 300 F.3d 1092, 1095–96 (9th Cir. 2002) (same). In Northern Cheyenne the plaintiff tribes sought and obtained a preliminary injunction to halt the construction of a shooting range in a mountain formation that contained spiritual significance for them. Because the preliminary injunction had merely maintained the status quo, it did not effect a material alteration in the parties' legal relationship and the plaintiffs therefore were not prevailing parties under § 1988. Id. at 1087. The issue before us is similarly whether the judicially sanctioned preliminary injunction in this case effected a material alteration in the parties' legal relationship. We review this issue de novo. Christina A. v. Bloomberg, 315 F.3d 990, 992 (8th Cir. 2003).

-6-

Advantage filed suit to erect its signs in Hopkins, to obtain damages for violation of its constitutional right to free speech, and to enjoin the city from enforcing a purportedly unconstitutional ordinance. Advantage obtained no relief in respect to its first goal. After the Hopkins sign ordinance was enjoined in Advantage I, Advantage moved the district court for an order compelling the city to permit it to erect its signs. The district court determined that Advantage was subject to the ordinance's valid time, place, and manner restrictions. See Advantage II, 408 F. Supp. 2d at 791–92. Because the largest signs permitted under either version of the ordinance were 250 square feet, the district court refused to compel the city to issue Advantage permits to construct the 672 square feet signs it wanted. Id. at 792. The signs Advantage sought to erect have never been built, and it is no closer to erecting its billboards than it was when the litigation began despite the preliminary injunction. See Granite State Outdoor Adver., Inc. v. City of St. Petersburg, Florida, 348 F.3d 1278, 1283–84 (11th Cir. 2003) (determining that the sign company was not a prevailing party because it failed to obtain permission to erect its signs).

Advantage claimed that the unconstitutional enforcement of the ordinance caused it monetary damage because it could not advertise on the proposed signs. At the trial on the issue of damages, two questions were put to the jury. The first asked whether the city had denied or refused Advantage's sign application based on the content of the billboards rather than their size, and the second asked whether Advantage should receive nominal damages if the city's denial of the sign permits was not a "direct cause of substantial injuries." The jury found that the city had turned down Advantage's billboard applications because of size provisions rather than because of any content or message to be displayed and that Advantage should therefore receive no damages. The jury's final resolution of the issues reflects that, as to Advantage, the unconstitutional provisions of the Hopkins's sign code had no impact.

Although Advantage's lawsuit resulted in alteration of several potentially unconstitutional provisions of the Hopkins sign ordinance, the Supreme Court has rejected the "catalyst" theory of fee recovery as a means of attaining prevailing party status. See Buckhannon, 532 U.S. at 604–05. We have previously stated that "a judicial pronouncement that the defendant has violated the Constitution, without more, does not make a plaintiff a prevailing party." Peter v. Jax, 187 F.3d 829, 837 (8th Cir. 1999) (internal quotations omitted). Advantage has not shown that the ordinance was unconstitutional as applied to it, and the issuance of the preliminary injunction thus had no impact on the relationship between Advantage and the city. See Farrar, 506 U.S. at 113–14 (something more than a technical victory is required to confer prevailing party status). Because the constitutionally suspect provisions of the sign ordinance were never applied to Advantage, the preliminary injunction effected no material alteration in the parties' legal relationship.

Because Advantage failed to obtain permission to erect its signs, to show that its free speech rights had been violated, or to prove that the preliminary injunction effected a material alteration in the parties' legal relationship, we conclude that it received no relief that materially altered the legal relationship between it and the city. Advantage is therefore not a prevailing party under § 1988, and an award of attorney fees pursuant to that section would be inappropriate.

The Supreme Court's recent decision in Sole v. Wyner supports this result. 127 S. Ct. 2188 (2007). In Sole, Wyner wanted to create a large peace sign featuring nude people in a Florida state park and sued to enjoin enforcement of a state regulation requiring park visitors to be dressed at least in bathing suits. Id. at 2192–93. The respondent sought attorney fees for obtaining a preliminary injunction which was later dissolved by the district court. Id. at 2193–94. According to the Court, "[p]revailing party status, we hold, does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." Id. at 2195. A plaintiff who "secures a preliminary injunction, then loses on the merits

as the case plays out and judgment is entered against her has won a battle but lost the war." Id. at 2196 (citing Watson, 200 F.3d at 1096).

Although the final judgment on the merits in Sole resulted from the denial of a permanent injunction and here it resulted from an adverse jury verdict, that distinction is irrelevant. As the Court stated "[o]f controlling importance to our decision, the eventual ruling on the merits for defendants, after both sides considered the case fit for final adjudication, superseded the preliminary ruling." Id. at 2195–96. In both this case and Sole, the final judgment reversed the effect of the preliminary injunction as to the plaintiff. The district court in Sole refused to issue a permanent injunction because it determined that the regulation was not unconstitutional as applied to respondent Wyner, and in this case the jury found that the sign ordinance was not unconstitutionally applied to Advantage. See id. at 2193. Because the final judgment resulted in a finding of no constitutional violation as to Advantage, it would be wrong to find Advantage a prevailing party. See id. at 2192 ("A plaintiff who achieves a transient victory at the threshold of an action can gain no award under that fee-shifting provision if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded.").

Because the issuance of the preliminary injunction did not materially alter the legal relationship between the parties, Advantage is not a prevailing party under § 1988(b). We therefore affirm the judgment of the district court.

_____