# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3597

_____

Sammie Sappington; Evelyn
Sappington; Justin Sappington,

       Plaintiffs - Appellants,

v.

Skyjack, Inc., a division of Linmar
Corp., a Canadian Corporation,

       Defendant,

Rental Services Corporation, Inc.,

       Defendant - Appellee.

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

Appeal from the United States
District Court for the Western
District of Missouri.

[UNPUBLISHED]

_____

Submitted: June 9, 2009
Filed: July 15, 2009

_____

Before BYE, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Sammie Sappington, Evelyn Sappington, and Justin Sappington (the Sappingtons) are the heirs of Doyle Sappington, who died in a construction accident when a scissors lift he was operating tipped. The Sappingtons sued Rental Services Corporation (RSC), the company from whom the lift was leased, and the manufacturer

of the lift, Skyjack, Inc. The Sappingtons appeal from the district court's[1] order awarding $6,282.77 in costs in favor of RSC after it was dismissed from the suit under Missouri's innocent seller statute. Mo. Rev. Stat. § 537.762. We affirm.

I

This action arises out of the death of Doyle Sappington, a carpenter employed by a general contractor performing work on a construction project in Kansas City, Missouri. On the day of the accident, Sappington was operating a scissors lift,[2] Model SJII 4626 (SJII), manufactured by Skyjack. The lift was owned by RSC and had been leased to a subcontractor on the construction project. The accident occurred when Sappington drove the lift in reverse and the rear wheels dropped into a hole. When the rear wheels dropped into the hole, the lift became unstable, pitched backwards, and tipped over.

The Sappingtons brought claims for general negligence, negligent failure to warn, and strict products liability against RSC and Skyjack. After completing discovery, the Sappingtons voluntarily dismissed all but their claim for strict products liability against the defendants. The defendants then moved to exclude the Sappingtons' expert and for summary judgment, arguing that without an expert they could not prove their strict liability claim. Alternatively, RSC moved for dismissal under Missouri's innocent seller statute. The district court excluded the expert and granted summary judgment. It did not consider the motion to dismiss. On appeal, this

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge of the United States District Court for the Western District of Missouri.

[2]A scissors lift is a mobile work platform commonly used on construction sites as an alternative to stationary scaffolding. It takes its name from the operating mechanism used to elevate the work platform which resembles and operates like scissors.

court reversed and remanded. <u>Sappington v. Skyjack, Inc.</u>, 512 F.3d 440 (8th Cir. 2008).

On remand, the district court considered RSC's motion to dismiss based on the innocent seller statute and granted the motion, leaving only the strict liability claim against Skyjack. Thereafter, RSC filed a Bill of Costs seeking $6,389.77 in deposition costs, $474.51 in printing costs, and $101.50 in copying costs, for a total of $6,965.78. The Sappingtons objected to the Bill of Costs, arguing the innocent seller statute shifted RSC's liability to Skyjack and made Skyjack responsible for RSC's costs.

Before the district court could rule on the objections, the Sappingtons settled with Skyjack and dismissed the balance of the suit. After approving the settlement with Skyjack, the court took up the costs dispute between RSC and the Sappingtons. The district court held RSC was a prevailing party under Federal Rule of Civil Procedure 54(d), making it eligible to recover costs. The court agreed the innocent seller statute shifted RSC's liability under the strict liability claim to Skyjack, but held it did not shift responsibility for RSC's costs to Skyjack. Thus, the Sappingtons remained responsible for the costs RSC incurred defending against the claims. Additionally, the district court held the deposition costs were reasonably incurred by RSC in defending against the independent negligence claims, which were unaffected by the innocent seller statute. After deducting the copying and printing costs claimed by RSC, the district court awarded $6,282.77. On appeal, the Sappingtons argue the district court erred when it concluded Missouri's innocent seller statute did not shift responsibility for RSC's liability *and* costs to Skyjack.

## II

We review de novo "both the determination of whether a litigant is a prevailing party, and the legal issues related to the award of attorney fees." <u>Advantage Media, L.L.C. v. City of Hopkins</u>, 511 F.3d 833, 836 (8th Cir. 2008) (internal quotation marks

and citations omitted). The actual award of costs is reviewed for an abuse of discretion. Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 516 (8th Cir. 2006). Federal Rule of Civil Procedure 54(d) codifies the "presumption" that costs will be awarded to prevailing parties, Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995), but the district court has broad discretion in making such an award, Zotos v. Lindbergh School District, 121 F.3d 356, 363 (8th Cir. 1997).

The Sappingtons concede RSC is a prevailing party, but argue the district court erred when it held the Missouri innocent seller statute did not shift responsibility to Skyjack for RSC's liability *and* for the costs incurred in defending against the strict products liability claim. Missouri's innocent seller statute provides that in products liability actions, a defendant whose liability is based solely on its status as a seller in the stream of commerce may be dismissed from an action if the manufacturer of the product is properly before the court and is financially able to fully compensate the plaintiff. Mo. Rev. Stat. § 537.762. The statute has been held to shift liability from a downstream seller to the manufacturer. See Gramex Corp. v. Green Supply, Inc., 89 S.W.3d 432, 445 (Mo. 2002). According to the Sappingtons, a downstream seller invoking the protections of the statute "prevails" against the manufacturer, making the manufacturer responsible for costs the downstream seller incurred in defending the action. The district court, however, concluded the statute only shifted liability from the downstream seller to the manufacturer, but did not shift responsibility for the costs incurred.

Additionally, the district court held the costs were also reasonably incurred in defense of the negligence claims asserted against RSC, which were voluntarily dismissed by the Sappingtons.

> The problem with the . . . plaintiffs' arguments regarding deposition costs is that defendant RSC was unable to file its motion to dismiss under the Innocent Seller Statute until plaintiffs had dismissed their independent negligence claims. Plaintiffs did not dismiss their independent

negligence claims until . . . nearly a year and a half after the lawsuit was filed. During the pendency of this action, defendant RSC not only filed a motion to dismiss pursuant to the innocent seller statute, but also filed motions in limine regarding various witnesses and issues, engaged its own experts, prepared deposition designations for use at trial, and otherwise engaged in a vigorous defense of this action.

. . .

Here, the Court finds the depositions referenced in defendant RSC's Bill of Costs to have been necessarily obtained for use in this case.

Sappington v. Skyjack, Inc., No. 04-5076, 2008 WL 4450300, at *2 (W.D. Mo. Sept. 30, 2008).

Because the district court found the deposition costs were reasonably incurred in defending against claims which were unaffected by the innocent seller statute, we need not decide whether the statute shifts the downstream seller's liability *and* costs to the manufacturer. We conclude the district court correctly found RSC prevailed against the Sappingtons, and its award of costs to RSC was not an abuse of discretion.

III

The judgment of the district court is affirmed.[3]

_____

_____

[3]RSC's motion for damages under Rule 38 of Federal Rules of Appellate Procedure has been considered and is denied.