# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-2876

_____

Kevin Scott Karsjens, and all others similarly situated; Kevin John DeVillion, and all others similarly situated; Peter Gerard Lonergan, and all others similarly situated; James Matthew Noyer, Sr., and all others similarly situated; James John Rud, and all others similarly situated; James Allen Barber, and all others similarly situated; Craig Allen Bolte, and all others similarly situated; Dennis Richard Steiner, and all others similarly situated; Kaine Joseph Braun, and all others similarly situated; Christopher John Thuringer, and all others similarly situated; Kenny S. Daywitt, and all others similarly situated; Bradley Wayne Foster, and all others similarly situated; David Leroy Gamble, and all others similarly situated; Brian K. Hausfeld, and all others similarly situated,

*Plaintiffs - Appellees*,

v.

Shireen Gandhi; Kevin Moser, in their individual and official capacities; Peter Puffer; Ann Zimmerman, in their individual and official capacities; Nancy Johnston, in their individual and official capacities; Jannine Hebert, in their individual and official capacities,

*Defendants - Appellants*.

------------------------------

American Civil Liberties Union of Minnesota; Catherine L. Carpenter; Ira Ellman; Fredrikson & Byron; Guy P. Hamilton-Smith; Eric Steven Janus; Val Jonas; Jeremy Lane; Mid-Minnesota Legal Aid; Adele Nicholas; Tiffany A. Sanders; Mark Weinberg; Upper Midwest Law Center; American Civil Liberties Union; National Center for Law and Economic Justice; National Health Law Program; Center for Public Representation; Western Center on Law and Poverty; Impact

Fund; Emily Horowitz; Dorsey & Whitney LLP; Paul Dubbeling; Richard Gladden,

*Amici on Behalf of Appellee(s).*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 21, 2025
Filed: January 7, 2026

_____

Before COLLOTON, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

COLLOTON, Chief Judge.

The Minnesota Department of Human Services operates the Minnesota Sex Offender Program, which treats patients who have been civilly committed under the Minnesota Civil Commitment and Treatment Act. Minn. Stat. § 253D. In 2011, a group of patients in the program brought a class action against state officials on behalf of all patients who were currently civilly committed under the Act. The officials ultimately prevailed on all claims.

This appeal concerns which party should bear the costs of compensating court-appointed experts who were retained during the litigation. The federal rules of civil procedure provide that, generally, costs other than attorney's fees should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Although the state officials prevailed in the litigation, the district court ordered them to bear the entire cost of the court-appointed experts. On this record, we conclude that the officials are entitled to recoup half of the expert fees from the plaintiffs, so we vacate the district court's order and remand with instructions.

-2-

The patients filed this class action *pro se,* alleging that the sex offender program failed to provide treatment and employed unconstitutional conditions of confinement. The court granted the patients leave to proceed *in forma pauperis*. Then, at the request of the Minnesota Federal Bar Association's Pro Se Project, counsel agreed to represent the plaintiffs.

Based on the indigent status of the patients and the importance of expert evidence to their claims, the patients moved the court to appoint experts to assist the patients under Federal Rule of Evidence 706. Rule 706, entitled "Court-Appointed Expert Witnesses," provides that "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations." Fed. R. Evid. 706(a). The court declined to resolve whether Rule 706 allows the court to appoint experts solely on behalf of the plaintiffs, but "acknowledge[d] the need for experts in this case in order to fully and properly litigate the claims at issue." The court required the parties to nominate experts, and then in December 2013 appointed four experts who were nominated jointly by the parties.

Later that month, the parties met and conferred on the allocation of payment to the experts. In a letter to the judge, the parties jointly recommended "an allocation of 50/50 between plaintiffs and defendants." Without explanation, however, the court instead ordered that "[w]ithout prejudice to subsequent adjustment, such costs shall be initially allocated to Defendants."

The state officials ultimately prevailed on all claims after more than a decade of litigation. By that point, the experts had generated fees of $732,923.92. The officials filed a bill of costs totaling more than $800,000, and the patients objected.

The district court declined to award any costs to the officials as prevailing parties. The court concluded that the plaintiffs "are indigent, they will likely not be

able to pay these costs in the future, they have brought this action in good faith, the case raised issues of great public importance, the case has been vigorously litigated, the issues were difficult and close, and imposing fees could have a potential chilling effect on future litigants." The officials appeal, and we review the court's non-award of costs for abuse of discretion. *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005). The officials seek an award of costs against the plaintiffs only; they do not ask the court to tax costs against counsel.

The rules of civil procedure provide that costs "should be allowed to the prevailing party," unless a court order, federal statute, or federal rule directs otherwise. Fed. R. Civ. P. 54(d)(1). A prevailing party is presumptively entitled to recover costs, and the opposing party must overcome that presumption. *Thompson v. Kanabec Cnty.*, 958 F.3d 698, 709 (8th Cir. 2020).

The district court stated that the plaintiffs' inability to pay was the most important consideration in declining to award costs to the prevailing parties. The court cited financial information from the plaintiffs' applications in 2011 to proceed *in forma pauperis* and determined that there was "no reason for the Court to believe that these numbers have substantially changed." In an appropriate case, it is within a court's discretion to deny costs because a plaintiff is poor. *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982).

In this case, however, the district court did not address a significant factor that bears on the assessment of costs. In 2013, two years after the plaintiffs applied to proceed *in forma pauperis*, they jointly recommended to the court that the cost of expert witnesses should be allocated equally between plaintiffs and defendants. Having made this recommendation to the district court, the plaintiffs presumably had the ability, one way or another, to pay their suggested share of the costs. The plaintiffs bore the burden of overcoming the presumption that costs should be awarded to the prevailing party, and they produced no evidence that the situation had

changed since the joint recommendation in 2013. The district court found no reason to believe that the patients' financial situation had changed since 2011, but did not address their willingness to fund half of the expert costs as of 2013. The failure to consider a relevant factor that should have been given significant weight is an abuse of discretion. *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984).

The other factors considered by the district court do not justify denying entirely an award of costs to the prevailing parties. The court cited the public importance of the issues and the "potential chilling effect" of awarding costs against the plaintiffs. When deciding on an award of costs, however, there is "no reason to prefer civil-rights plaintiffs over some other class of litigants who have claims based on federal statutes." *Poe*, 695 F.2d at 1108. Congress limited the authority of a court to tax *attorneys' fees* against civil rights plaintiffs but has not "carved out an exception to Rule 54(d) relieving a losing civil-rights litigant of the burden of bearing the costs of litigation." *Id.*

Even if an award of costs might deter plaintiffs from seeking court-appointed experts in a future action, that does not mean that the state officials should bear the costs. The plaintiffs did not present evidence about an agreement or lack of agreement with counsel about responsibility for costs. If there is no such agreement, then perhaps future plaintiffs will insist that their lawyers agree to bear the risk of paying costs in an unsuccessful action. But lawyers also have an opportunity to benefit from an award of fees if they are successful, 42 U.S.C. § 1988, and there are mechanisms by which attorneys for plaintiffs in civil rights cases manage the risk of failure. *See White v. Sundstrand Corp.*, 256 F.3d 580, 586 (7th Cir. 2001). It is unlikely that a partial award of costs in a case like this one will significantly chill meritorious civil rights cases. As for the other factors cited, "[t]he mere fact that the losing party litigated the action in good faith" and that "the case presented close and difficult issues" are not sufficient grounds for denying costs to a prevailing party. 10 *Moore's Federal Practice* § 54.101[1][b] (3d ed. 2025); *see, e.g., In re Paoli R.R.*

*Yard PCB Litig.*, 221 F.3d 449, 467 (3d Cir. 2000); *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).

The record shows that the plaintiffs offered in 2013 to accept an allocation of half the costs attributable to court-appointed experts. The district court did not consider this acknowledged ability to pay, and the plaintiffs presented no evidence to establish why the court should not rely on the plaintiffs' previous offer. The other factors cited are insufficient to rebut the presumption that the prevailing parties are entitled to costs.

For these reasons, we vacate the cost judgment, R. Doc. 1219, and remand the case to the district court with directions to award costs in favor of the defendants in the amount of $366,461.96, to be assessed against the named plaintiffs jointly and severally. If it turns out that the judgment is not collectible, then so be it, but the prevailing parties are entitled to the judgment under the governing rule on this record.

_____